# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

| | | |
|---|---|---|
| NEIGHBORS INVESTMENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:18-cv-04047-MDH |
| | ) | |
| DAVID G. BAUMGARTNER, and | ) | |
| THE BANK OF VERSAILLES, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are Plaintiff's Motion to Remand (Doc. 11) and Defendants' Motion to

Transfer Venue (Doc. 17).

## BACKGROUND

This matter arises from a dispute concerning the alleged actions of David Baumgartner

and The Bank of Versailles arising from the management of Gentle Slopes Partners, LLC

(Gentle Slopes). Neighbors Investments, Inc., and David Baumgartner were each 50% members

of Gentle Slopes. Neighbors Investments asserts direct and derivative state law claims against

Defendants.

Gentle Slopes invested in real estate acquisition, development, and sales in the Lake of

the Ozarks area. Baumgartner was the day-to-day managing member of Gentle Slopes, and he

controlled Gentle Slopes' funds in bank accounts at the Bank of Versailles. Baumgartner is also

the President of the Bank of Versailles. To summarize the Complaint, Neighbors Investments

alleges that Baumgartner made unauthorized payments from Gentle Slopes to himself,

illegitimately drew from Gentle Slopes' lines of credit, and provided false financial information to neighbors Investments and an accounting firm that prepared Gentle Slopes' financial statements and tax returns. Neighbors Investments guaranteed Gentle Slopes' loans and lines of credit.

When Gentle Slopes began to lack the funds to maintain its business, Baumgartner allegedly threatened to allow Central Bank of Lake of the Ozarks to foreclose on Gentle Slopes' properties if Neighbors Investments did not supply the funds needed for Gentle Slopes' projects. On April 12, 2011, Neighbors Investments filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code after Central Bank and the Bank of Versailles filed foreclosure actions on Gentle Slopes' properties. On April 25, 2016, the United States Bankruptcy Court for the District of Kansas entered a final decree in the bankruptcy case. On April 26, 2016, the bankruptcy court administratively closed the case. Plaintiff's Complaint here includes seven causes of action:

1. Count One is a derivative action brought on behalf of Gentle Slopes for an accounting.

2. Count Two is a direct and derivative action for breach of fiduciary duty.

3. Count Three is a direct and derivative action for fraudulent misrepresentation.

4. Count Four is a direct and derivative action for negligent misrepresentation.

5. Count Five is a derivative action for constructive trust.

6. Count Six is a derivative action for conversion.

7. Count Seven is a direct and derivative action for civil conspiracy to breach fiduciary duties.

**DISCUSSION**

The parties in this matter dispute the proper forum for this action. Neighbors Investments, Inc., originally brought this action in Missouri state court and asks this Court to remand the action to the Missouri courts. Defendants, on the other hand, removed this action to federal court under 28 U.S.C. § 1452 and ask this Court to transfer the action to the District of Kansas for referral to the United States Bankruptcy Court for the District of Kansas so that Neighbors Investments' Chapter 11 bankruptcy case may be reopened.

Section 1452 permits the removal of cases from state court to federal court "if such district court has jurisdiction of such claim or cause of action under" 28 U.S.C. § 1334. Section 1334 states that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." In the context of bankruptcy cases, civil proceedings are divided in two categories: core proceedings and non-core proceedings. *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995). Core proceedings are those cases "arising under title 11" or "arising in a case" under title 11. *In re Farmland Indus., Inc.*, 567 F.3d 1010, 1017 (8th Cir. 2009). Non-core proceedings are those "related to" a case under title 11 that " 'could conceivably have an[] effect on the estate being administered in bankruptcy. . . .' " *Id.* (quoting *Specialty Mills, Inc.*, 51 F.3d at 774) (alteration in original). This distinction is significant because if this is action raises non-core proceedings, then federal courts may be required to abstain from exercising jurisdiction pursuant to Section 1334(c)(2).

A claim arises under title 11, and is a core proceeding, if it "invoke[s] a substantive right provided by the Bankruptcy Code." *Id.* at 1018. Additionally, 28 U.S.C. § 157(b)(2) provides a non-exhaustive list of core proceedings.  Defendants argue that the claims in this action fall

within the categories outlined in Sections 157(b)(2)(A), (B), (L), and (O).[1] Defendants argue that this is the case because the Complaint alleges that Baumgartner's conduct "caused Neighbors Investments' debts to be overstated in its Chapter 11 bankruptcy proceeding, causing damages to Neighbors Investments in an unknown amount, but to be discovered and determined at trial." (Doc. 1-1, ¶¶ 50, 68). Defendants argue that these allegations go directly to the administration of Neighbors Investments' bankruptcy estate and the allowance of claims against the estate. Furthermore, Defendants argue that the Complaint's allegations of irregular and incomplete document production by Defendants were raised in the bankruptcy case, and the Bankruptcy Court ruled on those issues.

Neighbors Investments argues that the claims of this action do not give rise to core proceedings because Neighbors Investments is primarily bringing derivative actions and Gentle Slopes is the real party in interest in those actions. However, four of the seven claims are explicitly brought as both direct and derivative actions. Furthermore, the allegation claiming that Baumgartner caused Neighbors Investments' debts to be overstated is either explicitly made or incorporated by reference in Counts Two through Seven. Neighbors Investments argues that, to

---

[1] Section 157(b)(2)(A): "[M]atters concerning the administration of the estate."
Section 157(b)(2)(B): The "allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;"
Section 157(b)(2)(L): The "confirmation of plans."
Section 157(b)(2)(O): "[O]ther proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims."

the extent that the allegations could be interpreted to impact the bankruptcy estate, they raise non-core proceedings because they could only have some conceivable effect on the estate.

Given the information and briefing presented to the Court on this matter, the Court believes the allegations raised, if factually accurate, could relate to the core proceedings of the previous bankruptcy action. The Court acknowledges that on the information made available to the Court, these claims ultimately could be found to be non-core proceedings based on the final factual determinations by the Court. The Court finds that the court familiar with the prior bankruptcy case and the underlying facts which supported prior rulings is better positioned to determine whether the claims asserted "arise under" Title 11 or could merely "conceivably effect" the bankruptcy estate. Thus, transferring the case strikes this Court as the most prudent, efficient, and economical action. If the Bankruptcy Court concludes that these are not core proceedings, the Bankruptcy Court may remand any remaining claims directly to the state courts of Missouri for further proceedings, or it may have the case transferred back to this Court for remand, whichever it deems most appropriate. At this time, this Court believes the matters are core proceedings if all of the allegations made by Neighbors Investments in its Complaint prove true.[2] As the Court finds these are core issues, the Court need not address the question of mandatory abstention under Section 1334(c)(2).

Neighbors Investments raises another jurisdictional question concerning standing. Neighbors Investments argues that neither Defendant is a "part[y] in interest" under 11 U.S.C. § 350(b), and therefore lack standing to have the bankruptcy case reopened. The Court is skeptical

---

[2] Again, at this point, the Court is positioned to rule only on the allegations of the parties without any determinations of disputed factual issues.

of Defendants' claim of a right to reopen the bankruptcy case. However, the question of whether Defendants are parties in interest to reopen a bankruptcy case is a question best resolved by the Bankruptcy Court with jurisdiction over the original case. The Court does not find this issue to be a question of whether *this Court* has jurisdiction over the case. Instead, it is a question of whether the *Bankruptcy Court* has jurisdiction over the case and should reopen the bankruptcy case.

Neighbors Investments does not otherwise address the propriety of transfer under 28 U.S.C. §§ 1404 and 1412. Section 1412 states, "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Given the fact that the underlying bankruptcy case proceeded in the District of Kansas, Neighbors Investments, its owners, and records are all citizens of Kansas, and Defendants are prepared to litigate this issue in Kansas, the Court is comfortable with a finding that transfer is appropriate under Section 1412.

## CONCLUSION

Therefore, the Court hereby **GRANTS** Defendants' Motion to Transfer Venue (Doc. 17) and **DENIES** Plaintiff's Motion to Remand. (Doc. 11). The Court hereby **ORDERS** that this matter be **TRANSFERRED** to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1412 for referral to the United States Bankruptcy Court of the District of Kansas.

**IT IS SO ORDERED:**
Date: July 10, 2018

                                   ___ */s/ Douglas Harpool*_____
                                   **DOUGLAS HARPOOL**
                                   **UNITED STATES DISTRICT JUDGE**